IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 18-00264-CR-W-RK |
| Larenzo R. Francis, | ) |
| Defendant. | ) |

## SUPERVISED RELEASE VIOLATION AGREEMENT

The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by R. Matthew Price, United States Attorney, and William A. Alford III, Assistant United States Attorney, and the defendant, Larenzo R. Francis ("the defendant"), represented by Carie Allen, Assistant Federal Public Defender.

The defendant understands and agrees that this agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

Pursuant to this agreement, the parties stipulate that if called to testify U.S. Probation Officer Samantha Whitten and the Mission Kansas Police Officers would testify consistent with the Violation Report dated April 4, 2025. (Doc. 57).

Pursuant to this agreement, the parties agree to recommend a sentence of imprisonment in the amount of one year and one day. The parties further agree to recommend a term of supervised release for a term of one year and eleven months. This agreement by the parties is not

1

binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable."

### Waiver of Appellate and Post-Conviction Rights.

a. The defendant acknowledges, understands and agrees that by not contesting his supervised release violations in this agreement he waives his right to appeal or collaterally attack a finding he committed the violations and a revocation of his conditions of supervised release, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

R. Matthew Price
Acting United States Attorney

Dated: 8/25/25

William A. Alford III
Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the supervised release violations pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

Dated: 8/25/25

Larenzo R. Francis
Defendant

2

I am defendant Larenzo R. Francis's attorney. I have fully explained to him his rights with respect to the pending supervised release violations. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Larenzo R. Francis's decision to enter into this agreement is an informed and voluntary one.

Dated: 8/25/25

Carie Allen
Attorney for Defendant

3

Case 4:18-cr-00264-RK   Document 74   Filed 08/25/25   Page 3 of 3